IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL SCOLES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 04-cv-669-DGW |
| ) | |
| JOANNE BARNHARDT, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter is before the Court on the Petition for Award of Attorneys Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412 (Doc. 29) filed by the plaintiff, Michael Scoles on April 25, 2005. The motion is **GRANTED IN PART**.

Background

On September 20, 2004, the plaintiff, Michael Scoles, filed his complaint against the Social Security Administration. (Doc. 1)  An answer was filed on November 29, 2004. (Doc. 6)  Scoles filed a motion for summary judgment and brief in support on December 6, 2004. (Doc. 11 and 12)  The defendant filed two motions for extension of time to file its brief (Doc. 17 and 20)  The defendant never filed a brief in this case. On March 11, 2005 the defendant filed a Joint Motion to Remand to the Agency pursuant to sentence 4 of Section 205 of the Social Security Act, 42 U.S.C. § 405(g). (Doc. 25)  Sentence 4 states "[t]he Court shall have power to enter, upon the pleadings . . . a judgment . . . with or without remanding the cause for a hearing."  The motion further requested that the Court enter judgment in favor of the plaintiff.  On April 7, 2005 this Court entered an order denying as moot the motion for summary judgment and

1

granting the motion to remand.  Judgment was entered in favor of the plaintiff and the case was dismissed.  (Doc. 26)   A judgment in this civil case was entered on April 21, 2005.  (Doc. 28) On April 25, 2005, the plaintiff filed a motion for attorney's fees.  (Doc.  29)   This Court entered an order on June 7, 2005 requesting that plaintiff supplement his motion for attorneys fees by June 20, 2005 and further ordered the defendant to show cause why the motion should not be granted by June 20, 2005.  The order stated that the merits of plaintiff's motion would be deemed admitted if the defendant did not file a response.  (Doc. 30).  Plaintiff filed a supplement to his motion for attorney's fees on June 7, 2005.  (Doc. 30).  To date, the defendant has not filed a response.

Discussion

The Equal Access to Justice Act (EAJA) provides that a Court may award attorney's fees where (1) the claimant is a "prevailing party"; (2) the government's position was not substantially justified;   (3) no "special circumstances make an award unjust;" and (4) the fee application is submitted to the court within 30 days of final judgment and is supported by an itemized statement.  28 U.S.C.§ 2412(d)(1)(A)(B); United States v. Hallmark Construction Co., 200 F.3d 1076, 1078 (7th Cir. 2000).  Scoles is the prevailing party, no special circumstances have been alleged, and the fee application was timely.  The Commissioner bears the burden of proving that her position was substantially justified.  Marcus v. Shalala, 17 F.3d 1033, 1036 (7th Cir. 1994).   The defendant has failed to put forth any evidence to demonstrate that their position was substantially justified.  Therefore this Court finds that the commissioner's position was not substantially justified.  See Local Rule 7.1(g).

The next issue before the Court is whether amount of attorney's fees sought is

reasonable. 28 U.S.C. § 2412(b). Attorney's fees should not be awarded in excess of a rate of $125.00 per hour unless the court determines that an increase in the cost of living, among other things, justifies a higher fee. 28 U.S.C. § 2412(a)(2)(A)(ii). The plaintiff seeks a cost of living increase to $154.00 an hour for the 20.50 hours that he worked on this matter. (Doc. 29) The plaintiff reached this figure by basing the cost of living increase on the consumer price index for February, 2005. However, plaintiff's attorney spent 14 of the 20.50 hours in 2004 and not 2005. Counsel only spent 6.4 hours representing the plaintiff in 2005. The plaintiff can only request a cost of living increase for the year 2005 for the 6.4 hours of work; and he must only seek the 2004 rates for the 14 hours of work. The complaint, motion for summary judgment and brief in support of the motion for summary judgment were drafted and filed in 2004. The cost of living adjustment must be calculated with regard to when the services were performed, not the year in which attorney's fees are sought or when the award is made. Marcus, 17 F.3d at 1040. Therefore, the Court finds it appropriate to use the consumer price index from December of 2004 for the 14 hours of service performed in 2004. The rate in December 2004 was $150.00 an hour. The Court will reduce the request for attorney's fees originally $3, 157.00, by $56 and grant plaintiff's counsel a total of award of attorney's fees, in the amount of $3, 101.00.

**SO ORDERED.**

**DATED: July 13, 2005.**

                                                   **s/ Donald G. Wilkerson**
                                                   **DONALD G. WILKERSON**

                                               **United States Magistrate Judge**